# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| HOSEA LEE ROBINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:16-CV-1535 RWS |
| | ) |
| CITY OF ST. LOUIS DIVISION OF CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of plaintiff Hosea Lee Robinson's motion for leave to commence this action without prepayment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). The Court will also order plaintiff to file an amended complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff did not submit a certified prison account statement showing the amount on deposit for the six months preceding the filing of the complaint, but he did submit some financial information. The Court will therefore require plaintiff to pay an initial partial filing fee of $1.00, an amount that is reasonable based on the financial information plaintiff provided. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a certified copy of his prison account statement in support of his claim.

## Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendants are the City of St. Louis Division of Corrections, the St. Louis Justice Center, Corizon Health Services, and Shelia Williamson, a medical supervisor. In the "statement of claim" portion of his complaint, plaintiff alleges that, from February 2016 to September 26, 2016, he requested but did not receive medical care for his chronic medical and dental needs, and is in daily pain. Plaintiff also states that grievances he filed were improperly addressed. For his claim for relief, plaintiff states that he wishes to be seen by his private medical care providers, and he seeks $1,500,000.00 in monetary damages.

## Discussion

First, to state a claim against Corizon, plaintiff must allege that there was a policy, custom or official action that caused an actionable injury. *Sanders v. Sears Roebuck & Co.*, 984 F.2d 972, 95-76 (8th Cir. 1993). There are no allegations of an official policy leading to the harm plaintiff alleges he suffered. Therefore, the allegations against Corizon are frivolous.

Second, plaintiff does not state whether he is suing Ms. Williamson in her individual or official capacity, or both. Therefore, the complaint fails to state a claim against her. Plaintiff also fails to properly allege the personal involvement of Ms. Williamson. It is insufficient to name her as a defendant, and then generally allege that medical treatment was refused. Plaintiff is required to specify the manner in which each named defendant was directly responsible for the alleged harm. A federal complaint must contain the "who, what, when and where" of what happened, and each defendant must be linked to a particular action.

Lastly, the City of St. Louis Division of Corrections and the St. Louis Justice Center are not suable entities. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992)

(departments or subdivisions of local government are "not juridical entities suable as such"); *Catlett v. Jefferson County*, 299 F. Supp. 2d 967, 968-69 (E.D. Mo. 2004). Plaintiff's claims against those defendants are therefore legally frivolous, and subject to dismissal. *See* 28 U.S.C. § 1915(e)(2)(B).

Because plaintiff is proceeding pro se, the Court will allow him to file an amended complaint. **Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so he must include each and every one of his claims in the amended complaint**. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). **Any claims from the original complaint that are not included in the amended complaint will be considered abandoned**. *Id.* **Plaintiff must allege how each and every defendant is directly responsible for the alleged harm. In order to sue a defendant in his or her individual capacity, plaintiff must specifically say so in the complaint. If plaintiff fails to sue a defendant in his or her individual capacity, this action may be subject to dismissal as to that defendant**.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint within thirty (30) days from the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss this action without further proceedings.

Dated this 4th day of October, 2016.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE