# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| HOSEA LEE ROBINSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:16-cv-1535 RWS |
| CITY OF ST. LOUIS DIVISION OF CORRECTIONS, et al., | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Hosea Lee Robinson titled "Order of Protection and or Motion for Restraining Order and Release of Custody and Care From Corizon Health Care Services and St. Louis Justice Center." (Docket No. 12).

Plaintiff commenced this civil action on September 28, 2016, naming as defendants the City of St. Louis Division of Corrections, Corizon Health Services, St. Louis Justice Center, and Sheila Williamson, a medical supervisor. In the "statement of claim" portion of the complaint, plaintiff alleged that, from February 2016 to September 26, 2016, he requested but did not receive medical care for his chronic medical and dental needs. Plaintiff also alleged that grievances he filed were not properly addressed. For his claim for relief, plaintiff asked the Court to send him to his private medical care providers for treatment, and award him $1,500,000.00 in monetary damages. Upon review, the Court noted that the complaint failed to state a claim against Ms. Williamson and was frivolous as to all other defendants, and directed plaintiff to file an amended complaint by November 3, 2016. Plaintiff sought and received an

extension of time, to November 25, 2016, to do so. On November 28, 2016, plaintiff filed the instant motion, but has yet to file an amended complaint.

In the instant motion, plaintiff states that he has experienced chest pain; has been seen by a Dr. Fuentes instead of by a cardiologist; has been given the wrong medications; and has not received proper dental care. Plaintiff does not specifically state the relief he seeks, but based upon the wording of the title and the nature of plaintiff's statements, it appears he is seeking preliminary injunctive relief.

Rule 65(b) of the Federal Rules of Civil Procedure governs the issuance of injunctions and restraining orders. Pursuant thereto, the Court must look to the specific facts shown by affidavit(s) to determine whether immediate and irreparable injury, loss, or damage will result to the applicant. Fed. R. Civ. P. 65(b). In considering whether to grant preliminary injunctive relief, the Court must consider the following factors: (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest. *See Dataphase Systems, Inc. v. CL Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981). In the prison context, a request for injunctive relief must always be viewed with great caution because "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520-21 (8th Cir. 1995) (citing *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). For an injunction to issue "a right must be violated," and the court must determine whether "a cognizable danger of future violation exists and that danger must be more than a mere possibility." *Id.* Regarding the issue of when a situation is ripe for injunctive relief, the Eighth Circuit has noted that courts "should

not get involved unless either a constitutional violation has already occurred or the threat of such a violation is both real and immediate." *Id.*

Having considered plaintiff's motion in light of the *Dataphase* factors and the Eighth Circuit's guidance, the Court concludes that plaintiff is not entitled to preliminary injunctive relief. Plaintiff has failed to provide any supporting exhibits or medical evidence to show that he actually suffers from the conditions at issue. In addition, he does not allege that he is receiving no medical treatment at all; just that he disagrees with the institution's medical treatment providers regarding what is necessary and proper for his medical care. It therefore does not appear that this is a situation involving threat of irreparable harm. In addition, plaintiff's disagreement with the medical treatment he is receiving, or his apparent belief that he would receive better treatment elsewhere, is insufficient to establish a deliberate indifference claim. *Popoalii v. Correctional Medical Services*, 512 F.3d 488, 499 (8th Cir. 2008) (*quoting Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995)) ("[M]ere disagreement with treatment decisions does not rise to the level of a constitutional violation"); *see also Seward v. Hutto*, 525 F.2d 1024 (8th Cir. 1975) (decisions regarding the necessary and proper medical treatment of inmates, absent an allegation of intentional neglect or mistreatment, should be left to the judgment of the institution's medical personnel). Thus, on the basis of the present record, plaintiff cannot demonstrate a likelihood of success on the merits. Also, the Court is hesitant at this stage of litigation to interfere in the complex and intractable problems associated with prison administration. Finally, the Court determines that granting plaintiff's motion would not serve the public's strong interest in the safe, efficient and orderly operation of its prison system.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Hosea Lee Robinson's "Order of Protection and or Motion for Restraining Order and Release of Custody and Care From Corizon Health Care Services and St. Louis Justice Center" (Docket No. 12) is **DENIED**.

Dated this 2nd day of December, 2016.

                                                RODNEY W. SIPPEL
                                                UNITED STATES DISTRICT JUDGE