UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HOSEA LEE ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:16-cv-1535-RWS |
| ) | |
| CITY OF ST. LOUIS DIVISION OF ) | |
| CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court *sua sponte*. Plaintiff commenced this civil action on September 28, 2016, naming as defendants the City of St. Louis Division of Corrections, Corizon Health Services, the Saint Louis Justice Center, and Sheila Williamson, a medical supervisor. In the "statement of claim" portion of the complaint, plaintiff alleged that, from February 2016 to September 26, 2016, he requested but did not receive appropriate care for his medical and dental needs. He also alleged that grievances he filed were not properly addressed. For his claim for relief, plaintiff asked the Court to send him to his private medical care providers for treatment, and award him $1,500,000.00 in monetary damages.

Upon review, the Court noted that the complaint failed to state a claim against Williamson and was frivolous as to the other defendants. The Court gave plaintiff leave to file an amended complaint by November 3, 2016. Plaintiff sought and received an extension of time, to November 25, 2016, to do so. On November 28, 2016, plaintiff filed a motion complaining that he was not being given satisfactory access to the law library. In addressing that motion, the Court again extended the time within which plaintiff was to file an amended complaint, giving him until December 23, 2016 to do so. In that order, the Court cautioned plaintiff that his failure

to timely submit an amended complaint would result in the dismissal of his case without further notice to him. To date, plaintiff has filed nothing. Plaintiff's complaint will therefore be dismissed, without prejudice.

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

As set forth in this Court's October 4, 2016 order, plaintiff's claims against Corizon are subject to dismissal because plaintiff does not allege that there was a policy, custom or official action that caused an actionable injury. "A corporation acting under color of state law will only be held liable under § 1983 for its own unconstitutional policies." *Crumpley–Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004) (*citing Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978)); *see also Sanders v. Sears Roebuck & Co.*, 984 F.2d 972, 95-76 (8th Cir. 1993). There are no allegations of an official policy leading to the harm plaintiff alleges he suffered. Therefore, the allegations against Corizon are frivolous and will be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B).

Second, plaintiff does not state whether he is suing Williamson, an employee of Corizon, in her individual or official capacity, or both. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming an official in her official capacity is the equivalent of naming the entity that employs her. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Here, to state a claim against Williamson in her official capacity, plaintiff must allege that a policy or custom of her employer, in this case Corizon LLC, is responsible for the alleged constitutional violation. *Monell*, 436 U.S. at 690–91. Because the complaint contains no allegations that a policy or custom of Corizon LLC was responsible for the alleged violations of plaintiff's constitutional rights, it fails to state a claim against Williamson in her official capacity. Even if plaintiff had specified that he was suing Williamson in her individual capacity, the Court would conclude that he had failed to state a claim against her because he did not allege that Williamson was directly involved in the violation of his constitutional rights. Instead, plaintiff merely named Williamson as a defendant, and made general allegations that treatment was refused. This is insufficient. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff's claims against Williamson will be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's claims against the City of St. Louis Division of Corrections and the St. Louis Justice Center will be dismissed because neither is a suable entity. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are not juridical entities); *Catlett v. Jefferson County*, 299 F. Supp. 2d 967, 968-69 (E.D. Mo.

2004). Plaintiff's claims against those defendants are therefore legally frivolous, and subject to dismissal. *See* 28 U.S.C. § 1915(e)(2)(B).

Considering as a whole all of plaintiff's allegations regarding medical care, they merely allege plaintiff's disagreement with the treatment he is receiving and plaintiff's belief that he would receive better treatment elsewhere. Such allegations are insufficient to state a claim for deliberate indifference to serious medical need, and therefore fail to state a claim of constitutional magnitude. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 499 (8th Cir. 2008) (*quoting Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995)) ("[M]ere disagreement with treatment decisions does not rise to the level of a constitutional violation.").

Finally, plaintiff's allegations regarding the denial of his grievances do not state substantive constitutional claims. To state a cognizable claim under § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Hamilton v. Schriro*, 74 F.3d 1545, 1549 (8th Cir. 1996). There is no federal constitutional right to a prison grievance procedure, and neither a state law nor a state policy creates a federal constitutional right. Therefore, if a state elects to provide a grievance mechanism, violations thereof will not give rise to a § 1983 claim. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (inmate's allegation that defendant's denial of his grievances failed to state a substantive constitutional claim); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991); *see also Spencer v. Moore*, 638 F.Supp. 315, 316 (E.D. Mo. 1986).

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff Hosea Lee Robinson's complaint and all of his causes of action against all defendants are **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 30th day of December, 2016.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE